UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| GASAMERICA SERVICES, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-CV-1304-SEB-JMS |
| | ) | |
| DIWAN, LLC, | ) | |
|     Defendant. | ) | |

**ORDER GRANTING TRANSFER**

Plaintiff, GasAmerica Services, Inc. ("GasAmerica"), an Indiana corporation, filed this trademark infringement lawsuit against Defendant, Diwan, LLC ("Diwan"), an Iowa limited liability corporation, claiming that Diwan is violating the Lanham Act by infringing GasAmerica's trademarks.  GasAmerica claims to own several valid trademarks associated with the operation of its chain of gasoline service stations in and outside the state of Indiana, including trademark rights in the name "GASAMERICA," which it uses to distinguish itself and its products from others in the market.  It is undisputed that Diwan operates two service stations in Davenport, Iowa, utilizing the name "GASAMERICA."  The Plaintiff wants Diwan to cease and desist from its use of the name GASAMERICA.

Diwan was served with this lawsuit, but failed to file a timely answer. GasAmerica obtained an entry of default and has filed a Motion for Default Judgment (Doc. #13).  Subsequent to the default entry, Iowa attorney, John Cepican, moved for and

was granted permission to appear *pro hac vice* in this court on behalf of the Defendant. In responding to GasAmerica's default motion, Mr. Cepican proffered his own affidavit testimony outlining a number of calamities which he claims prevented him from filing a timely response on behalf of his client. In addition, he filed a Motion to Dismiss or Transfer Venue (Doc. #23) on behalf of Diwan, asserting this court's lack of personal jurisdiction over Diwan.

A federal court in Indiana has jurisdiction over non-resident defendants in a diversity case only if an Indiana state court would have jurisdiction. Fed.R.Civ.P. 4(e), 4(d)(7); *Lakeside Bridge & Steel v. Mountain State Constr. Co., Inc.*, 597 F.2d 596, 598 (7th Cir.1979). Indiana's long-arm statute, Indiana Rule of Trial Procedure 4.4(a) ("Rule 4.4(a)"), dictates whether this matter would fall within the jurisdiction of an Indiana court. Rule 4.4(a) was amended effective January 1, 2003, to add: "In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." Thereafter, the analysis of any personal jurisdiction issue under Indiana law has been reduced to determining if personal jurisdiction over a defendant comports with the Due Process Clause. *American Commercial Lines, LLC v. Northeast Maritime Inst., Inc.,* 588 F.Supp.2d 935, 942 (S.D.Ind. 2008); *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

The Due Process Clause of the Fourteenth Amendment requires that jurisdiction over a defendant be exercised by a state only if the defendant has certain minimum

contacts with that state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." *Int'l Shoe Co. v. State of Washington.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). If the defendant's contacts within the state are so "continuous and systematic" that the defendant should reasonably anticipate being haled into the courts of that state for any matter, then the defendant is subject to general jurisdiction, even in causes of action unrelated to the defendant's contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n. 9 (1984). If the defendant's contacts within the forum state are not "continuous and systematic," specific jurisdiction may still obtain if the controversy is related to or arises out of the defendant's contacts with the forum state. *Id*. at 414. Specific jurisdiction requires that the defendant purposefully availed itself of the privilege of conducting activities within the forum state so that the defendant reasonably anticipates being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985).

     Diwan has submitted the affidavit of its managing agent, Ranbir Thakur, who avers that Diwan has never operated, advertised, visited or engaged in any commerce whatsoever in the State of Indiana. In short, it is allegedly a two-service station operation in Davenport, Iowa, and nothing more. GasAmerica admits that it has no evidence to the contrary, but asks us to move forward with the default judgment based on evidence it has offered to support its contention that Diwan and its counsel have "exhibited a pattern of

ignoring this Court." However, if we have no personal jurisdiction, any judgment entered by this Court could be successfully challenged later, which would provide little or no help to GasAmerica. *Swaim v. Moltan Co.,* 73 F.3d 711, 716-17 (7th Cir. 1996).

Nevertheless, personal jurisdiction over a defendant is not a prerequisite to an order to transfer this matter to a district court where personal jurisdiction can be successfully established. *U. S. v. Berkowitz,* 328 F.2d 358 (3rd Cir. 1964), *cert. denied,* 379 U.S. 821 (1964). The Court has broad discretion to determine whether a case should be transferred, as opposed to dismissed. *See Brown v. Grimm*, 624 F.2d 58 (7th Cir. 1980). In our view, the best alternative would be a transfer of this litigation to the Southern District of Iowa, where personal jurisdiction over the defendant can be established, leaving the issue of whether a default judgment should be entered to that court to decide.

Accordingly, Defendant's Motion to Dismiss or Transfer (Doc. #23) is GRANTED, and the Clerk of Court is directed to transfer this matter forthwith to the Southern District of Iowa, Davenport Division.

IT IS SO ORDERED.

Date: 01/19/2010

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

John E. Cepican
JOHN E. CEPICAN
jec@cepicanpatent.com

Ettore Victor Indiano
INDIANO VAUGHAN ROBERTS & FILOMENA, LLP
vic@iplawindiana.com

Stephen Lewis Vaughan
INDIANO VAUGHAN LLP
steve@iplawindiana.com